# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:11-cr-83-Orl-22KRS

**CHARLIE WARREN PENDLETON**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNITED STATES' MOTION TO OBTAIN DNA SAMPLE (Doc. No. 60)
>
> **FILED:** February 10, 2012
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The United States asks for authority to take a DNA sample from Defendant Pendleton to compare with DNA on a firearm at issue in this case in order to determine whether Defendant Pendleton can be ruled out as a person who possessed that firearm and the ammunition contained therein. It does not appear that the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit has addressed the question of whether a Defendant may be required to provide DNA to the United States before trial for use at trial. The United States Court of Appeals for the Third Circuit has addressed the question in *United States v. Mitchell*, 652 F.3d 387 (3d Cir. 2011).

In *Mitchell*, the court discussed whether collection of DNA is a significant invasion of an individual's bodily integrity and privacy. The court found that, like compelled blood tests sanctioned by the United States Supreme Court in *Schmerber v. California*, 384 U.S. 757 (1966), "the act of collecting a DNA sample 'is neither a significant nor an unusual intrusion.'" 652 F.3d at 407 (internal citation omitted). "Therefore, in balancing the interests required in [the] Fourth Amendment analysis, the intrusion occasioned by the act of collecting the DNA sample is minimal and does not weigh significantly in [the Defendant's] favor." *Id.*

The next question is the degree to which the search is needed for the promotion of legitimate government interests. The United States proffers that the Defendant's DNA could establish that he did not possess the firearm, or it could show that Defendant cannot be excluded as a person who possessed the firearm. The *Mitchell* court stated, "[t]o the extent that DNA profiling assists the Government in accurate criminal investigations and prosecutions . . . , it is in the Government's interest to have this information as soon as possible." *Id.* at 414. The court also stated that there is an "'overwhelming public interest in prosecuting crimes *accurately*.'" *Id.* at 415 (internal citation omitted). Because the charge in this case is possession of a firearm and ammunition by a convicted felon, evidence regarding whether Defendant possessed the firearm promotes a legitimate government interest in prosecuting only individuals who the evidence shows committed a crime.

Defendant argues that because the United States has already determined that its expert will not be able to testify that his DNA matches the DNA on the firearm, the possible testimony after testing that Defendant cannot be excluded as a person who possessed the firearm – in other words, that the DNA on the firearm could have come from the Defendant – is not admissible. The question of admissibility of the evidence derived from the DNA testing is a decision to be made by the

presiding district judge.  Accordingly, I find the admissibility argument does not undermine the United States' legitimate interest in obtaining the results of testing of a DNA sample taken from Defendant.

Accordingly, it is **ORDERED** that Defendant shall cooperate in the taking of a DNA sample, which sample shall be taken promptly due to the impending trial date.

**DONE** and **ORDERED** in Orlando, Florida on this 23rd day of February, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE